UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HAMID REZA ARDANEH,

*Plaintiff*,

v.

UNITED STATES GOVERNMENT, *et al.*,

*Defendants*.

Civil Action No. 19-1786 (RDM)

## MEMORANDUM OPINION

The matter is before the Court on Plaintiff Hamid Reza Ardaneh's *pro se* complaint. In 2016, Plaintiff was charged with rape and strangulation in Massachusetts state court. *See Commonwealth v. Ardaneh*, No. 1681-cr-00418 (Middlesex Cty. Super. Ct.). The state found Plaintiff incompetent to stand trial and ordered him committed to the Bridgewater State Hospital. *Id*. at Dkt. 39. Proceedings in Plaintiff's criminal case are ongoing. *See, e.g.*, *id*. at Dkt. 117. On June 14, 2019, Plaintiff initiated the present action by filing a *pro se* complaint. Dkt. 1. Although not entirely clear, the complaint appears to collaterally attack the constitutionality of Plaintiff's criminal prosecution in state court, asserting his innocence and challenging his involuntary commitment to a state hospital. *See* Dkt. 1-1 at 20; *see also* Dkt. 17. For the reasons explained below, the Court will *sua sponte* **REMAND** in part and **DISMISS** in part.

As an initial matter, although Plaintiff filed his complaint more than a year ago, he has failed to effect service on Defendants, despite repeated orders from the Court directing him to do so. Plaintiff filed a motion to proceed in forma pauperis ("IFP") with his complaint. Dkt. 2. But Plaintiff then paid the $350 filing fee, mooting his IFP motion and leaving him "solely

responsible for effecting service on Defendants in compliance with Federal Rule of Civil Procedure 4 on or before September 13, 2019." Minute Order (August 5, 2019). On September 13, 2019, the Court cautioned Plaintiff that he had failed to effect service and granted him an extension until October 14, 2019, to do so and to avoid dismissal. Dkt. 6. The Plaintiff then filed a motion for an extension of time, Dkt. 8, and the Court extended the deadline to effect service to November 14, 2019, *see* Minute Order (Oct. 3, 2019). In the same order, the Court also denied as premature several motions for miscellaneous relief that Plaintiff had filed, *see* Dkt. 9; Dkt. 10; Dkt. 11, and advised him that those motions could be refiled, if appropriate, after service was effected, *see* Minute Order (Oct. 3, 2019). Plaintiff appealed that order, Dkt. 12, and the court of appeals dismissed for lack of jurisdiction, Dkt. 18. The Court then gave Plaintiff yet another opportunity to effect service by July 24, 2020. Minute Order (June 23, 2020). Plaintiff has again failed to do so.

Plaintiff's failure to serve the complaint on Defendants, standing alone, requires dismissal of his complaint, Fed. R. Civ. P. 4(m), but the Court is cognizant of Plaintiff's *pro se* status, *see Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993) ("Pro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings."). The Court has therefore reviewed Plaintiff's complaint and will remand in part and dismiss in part on the merits.

Although the exact nature of Plaintiff's claims is not clear, *pro se* complaints must be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that a *pro se* complaint should not be held to the stringent standards applicable to pleadings filed by counsel). Plaintiff's complaint could be read as presenting at least four distinct claims:

*First*, the complaint might be construed as an attempt to remove Plaintiff's criminal case from Massachusetts state court to this Court. Dkt. 1-1 at 1 (labeling the complaint a "notice of removal" and invoking 28 U.S.C. §§ 1443 & 1455). It is clear "on the face of the notice . . . that removal should not be permitted," and the Court must therefore order "summary remand." 28 U.S.C. § 1455(b)(4). As an initial matter, the removal petition is not timely, because Plaintiff was charged in state court years before he filed this action, and under the removal statute, "notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, *whichever is earlier*." *Id*. § 1455(b)(1) (emphasis added). Although this deadline can be extended for "good cause," *id.*, Plaintiff has not shown good cause for his delay.

Plaintiff's removal petition is also deficient because it fails to include "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." *Id*. § 1455(a). Finally, venue in this Court is improper, because the notice of removal must be filed "in the district court of the United States for the district and division within which such prosecution is pending." *Id*. In fact, Plaintiff has already failed in an attempt to remove his criminal case to the United States District Court for the District of Massachusetts. See *Ardaneh v. Massachusetts*, No. 18-cv-10385, 2018 WL 10373431, at *1 (D. Mass. Mar. 20, 2018) (summarily remanding Plaintiff's case to state court). Insofar as Plaintiff seeks to remove his criminal case from state court, the Court will, accordingly, remand to the Middlesex County Superior Court.

*Second*, Plaintiff's complaint could be viewed as a habeas petition challenging his commitment to the Bridgewater State Hospital. Dkt. 1-1 at 43. But insofar as Plaintiff's claims sound in habeas, Plaintiff has failed to meet threshold procedural requirements for seeking

3

habeas relief.  First, exhaustion of remedies available in state court is required before a federal court may grant habeas relief to a state prisoner, but nothing in the lengthy complaint suggests that Plaintiff has exhausted state remedies.  28 U.S.C. § 2254(b).  Second, venue is not proper because Courts may grant habeas petitions only "within their respective jurisdictions," *id*. § 2241(a), which the Supreme Court has interpreted to mean that habeas "jurisdiction lies in only one district: the district of confinement," *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).  Neither of these considerations, however, limits the Court's subject-matter jurisdiction.  The exhaustion requirement is "grounded in principles of comity."  *Castille v. Peoples*, 489 U.S. 346, 349 (1989).  The rule "creates a strong presumption in favor of requiring the prisoner to pursue his available state remedies" but is "not a jurisdictional requirement."  *Id.* (internal citations and quotation marks omitted).  Likewise, this Court has previously held that the territorial-jurisdiction rule in habeas, which requires filing in the district of confinement, is "subject to waiver."  *Lane v. United States*, No. 14-cv-731, 2015 WL 6406398, at *6 (D.D.C. Oct. 21, 2015).

      Here, however, the concerns underlying these "waivable" procedural requirements weigh in favor of immediate dismissal.  First, although Plaintiff names the Superintendent of Bridgewater State Hospital as a defendant, Plaintiff's failure to effect service leaves the Court without authority to assert personal jurisdictional over the individual responsible for Plaintiff's commitment.  Second, Plaintiff has already presented similar claims to the District of Massachusetts, and that court dismissed them on abstention grounds.  *Ardaneh v. Calis*, No. 17-cv-12171, 2017 U.S. Dist. LEXIS 213576, at *1–2 (D. Mass. Dec. 29, 2017) ("Whether Ardaneh's papers are construed as a petition for a writ of habeas corpus, a civil rights claim, or other pleading, the Court abstains from exercising jurisdiction over the action.").  That court

concluded that "principles of comity" militated against intervening in the ongoing state criminal proceeding. *Id.* at *2–3 (abstaining under *Younger v. Harris*, 401 U.S. 37, 46 (1971)). The Court agrees and holds that, because Plaintiff's state-court criminal proceedings are ongoing and because he has already presented his habeas arguments to the District of Massachusetts, this Court is not a proper forum for Plaintiff to relitigate that issue. For the same reason, it would not serve "the interest of justice," 28 U.S.C. § 1404(a), to transfer this case to the District of Massachusetts, which has already considered the same claim. The Court will, accordingly, dismiss Plaintiff's complaint to the extent it could be construed as a petition for habeas corpus.

*Third*, Plaintiff's complaint could be construed as presenting claims for damages against the state officials responsible for his prosecution and commitment. Dkt. 1-1 at 1 (invoking 42 U.S.C. § 1983). Such claims might take one of two forms: they might challenge the fact of Plaintiff's confinement, or they might challenge the conditions of his confinement. Either way, he fails to state a claim.

To the extent Plaintiff challenges the *fact* of his confinement, such claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because success on those claims would necessarily imply that his commitment is invalid. *See Gowadia v. I.R.S.*, 87 F. Supp. 3d 188, 190 (D.D.C. 2015). In *Heck*, a state prisoner sought damages based on the allegedly unlawful conduct of the officials he held responsible for his conviction. The Supreme Court held that the damages claim was not cognizable: "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a

writ of habeas corpus." 512 U.S. at 486–87. A "district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. at 487. In contrast, a plaintiff's action "should be allowed to proceed" where, "even if successful," it would "*not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff." *Taylor v. U.S. Prob. Off.*, 409 F.3d 426, 429 (D.C.Cir.2005) (citation and quotation marks omitted). Several courts have held that *Heck*'s "favorable termination" rule applies to civil and criminal commitments, which also must first be challenged in habeas. *See, e.g.*, *Henderson v. Bryant*, 606 F. App'x 301, 304 (7th Cir. 2015); *Banda v. N.J. Special Treatment Unit Annex*, 164 F. App'x 286, 287 (3rd Cir. 2006); *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139–40 (9th Cir. 2005). Here, in order to grant damages to Plaintiff based on his claims against the officials responsible for his commitment, the Court would necessarily need to determine that his commitment pending trial violates the constitution. The proper avenue for such a challenge, in the first instance, is a petition for habeas corpus—albeit one filed in the District of Massachusetts—not a suit for damages. If Plaintiff were to invalidate his commitment through habeas or other means, he could then return to court seeking damages.

Alternatively, Plaintiff's complaint could be construed as seeking damages based on the *conditions* of his commitment. *See* Dkt. 1-1 at 15 (alleging "torture"). Plaintiff's challenge to the conditions of his confinement is barred by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The PLRA defines "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law." *Id.* § 1997e(h). Based on the plain text of the statute, this definition includes

6

pretrial detainees, including those who are committed because they are mentally incompetent to stand trial. *See, e.g.*, *Banks v. Hornak*, 698 F. App'x 731, 735–36 (4th Cir. 2017); *cf. Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000) (holding that the PLRA's definition of "prisoner" does not encompass individuals who are civilly committed after completing a criminal sentence). The PLRA directs that a "court shall on its own motion . . . dismiss any action brought with respect to prison conditions under [federal law] . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). Here, Plaintiff's complaint is largely incomprehensible and fails to state a plausible violation of federal law by the staff of the facility where he is committed. The Court will therefore dismiss his claim challenging the conditions of its confinement on its own motion.

*Finall*y, Plaintiff's complaint can be construed as a suit for damages against several private individuals, including the alleged victim of his sexual crimes, for attempting to bribe him, framing him, and torturing him. Dkt. 1-1 at 5. Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a), *see also Ruther v. United States*, No. 17-cv-1745, 2017 WL 6551188, at *1 (D.D.C. Oct. 5, 2017), *aff'd*, 719 F. App'x 14 (D.C. Cir. 2018). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted that is sufficient to prepare a responsive answer, to prepare an adequate defense, and to determine whether the doctrine of res judicata applies. *Id.* (citing *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977)). Although Plaintiff's filing makes a variety of allegations against the individuals named, the complaint

neither articulates a cognizable legal claim nor explains the basis for federal jurisdiction with respect to any claims against these private individuals.  As drafted, the complaint does not satisfy Rule 8(a), and it therefore will be dismissed.

## CONCLUSION

Accordingly, insofar as the complaint is properly construed as a petition of removal, the Court will **REMAND** the case to the Middlesex County Superior Court.  All other claims will be **DISMISSED**.

A separate order consistent with this Memorandum Opinion will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  December 11, 2020